NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY CRANDALL, | CIVIL ACTION NO. 15-2800 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| NEW ROAD SCHOOLS OF NEW JERSEY, INC., | |
| Defendant. | |

**THE PLAINTIFF** brought this action against the defendant employer, New Road Schools of New Jersey, Inc. ("School"), to recover damages for alleged violations of the New Jersey Law Against Discrimination ("NJLAD") and the Americans with Disabilities Act ("ADA"). (See dkt. 1.) The School, which educates cognitively-disabled individuals, moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (See dkt. 7; see also dkt. 9.) The plaintiff opposes the motion. (See dkt. 8.)

**THE COURT** presumes the familiarity of the parties with the factual context and procedural history of the action. The Court will resolve the motion without oral argument. See L.Civ.R. 78.1(b). The Court will deny the motion, but will direct the plaintiff to file an amended complaint that fully comports with Rule 8(a), Rule 8(d), and Rule 10(b).

**THE PLAINTIFF** alleged the following in the complaint (dkt. 1 at 2–4):

**(1)** "he is neurologically impaired" and "his movements are slower than usual" due to his "neurological disability", and thus he needs more time to do work assignments "as an accommodation for his disability";

**(2)** he "worked for [the School] for twelve years as a kitchen aid until he was constructively terminated", despite receiving no complaints about his work performance before 2012;

**(3)** "[h]e was discriminated and retaliated against and ultimately constructively terminated solely based on his neurological disability and defendant's failure to properly accommodate him";

**(4)** starting in 2012, a new "direct supervisor . . . immediately put him under a great scrutiny and unreasonably blamed him on every occasion when something went wrong in the [S]chool's kitchen", and "kept repeating to [him] that he will never make it in his job and humiliated him in front of the students and other kitchen staff";

**(5)** the "constant harassment" and "constant yelling and scrutiny of his supervisor" made him depressed and nervous, "thus making it very difficult for him to complete the work on time";

**(6)** when a third party named Janet Hirschfeld "tried to advocate on his behalf", his "work load was increased [in retaliation,] and from May 2014 his supervisor . . . began constantly monitoring how long it took him to complete his work assignments";

2

**(7)** the supervisor "kept screaming at [him] and continued to humiliate him in front of the students which caused his emotional breakdown in September 2014", and he "had to consult with a doctor who placed him on leave and prescribed anti-depressants";

**(8)** the School's "failure to accommodate [him] shows a complete lack of good faith on [its] part solely based on disability as plaintiff can and did perform the essential functions of his job during the twelve years he was employed"; and

**(9)** he was constructively terminated, which "was pretextual as [the School was] aware of his disability, [and] his need for accommodation", yet the School "refused to accommodate him and ignored his complaints of discrimination and retaliation".

**IT IS NOT NECESSARY** for the Court to restate the standard for resolving a motion made pursuant to Rule 12(b)(6). See Green v. Coleman, 575 Fed.Appx. 44, 46 (3d Cir. 2014) (setting forth standard; citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)); Mariotti v. Mariotti Bldg. Prods., 714 F.3d 761, 764–65 (3d Cir. 2013) (setting forth standard; citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Am. Corp. Soc. v. Valley Forge Ins. Co., 424 Fed.Appx. 86, 88–89 (3d Cir. 2011) (setting forth standard; citing Iqbal and Twombly); Fowler v. UPMC Shadyside, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth standard; citing Iqbal and Twombly).

**THE SCHOOL** argues that the plaintiff's claims should be dismissed because he: (1) "alleges that he suffers from a neurological disability, but does not state what that disability is, only that his movements are slower than usual and that he may require additional time to complete his job assignments"; (2) "does not plead that he has a

3

disability as it is defined under the ADA, but instead states in conclusory fashion that he has a neurological impairment, which alone is insufficient"; and (3) "has not set forth facts to establish that he is a disabled person within the meaning of the ADA or [NJ]LAD".  (Dkt. 7-2 at 2 & 6.)

**THE SCHOOL'S ARGUMENTS** in the context of a motion made pursuant to Rule 12(b)(6) are without merit.  The plaintiff's allegations — e.g., he is neurologically impaired; his slow movements are due to his neurological disability; he needs additional time to complete job assignments; and he suffered an adverse result — are sufficient at this stage.  (See dkt. 8-1 at 1 (plaintiff personally certifies that he "ha[s] a neurological disability" and "the majority of [his] education was at the [School]").)  See 42 U.S.C. § 12102 (listing "physical or mental impairment" that affects "performing manual tasks" and "working", and affects "neurological [and] brain . . . functions"); N.J.S.A. 10:5-5 (listing "any mental, psychological or developmental disability . . . resulting from anatomical, psychological, physiological or neurological conditions which prevents the normal exercise of any bodily or mental functions"); see also Riley v. St. Mary Med. Ctr., No. 13-7205, 2014 WL 2207347, at *2 (E.D. Pa. May 28, 2014) (stating ADA's "plain language suggests that a Plaintiff need only plead that she was discriminated against because of an impairment (either actual or perceived)"); id. at *4 (stating "fact that Plaintiff is allegedly limited in . . . concentrating, communicating and thinking suggests that she might be substantially limited in those major life activities", and thus plaintiff therein adequately pleaded a disability under ADA).

**THE PLAINTIFF** has sufficiently pleaded at this stage that the School was aware of his disability because he had: (1) been a student at the School, which is a "private provider of specialized education services for children and youth, facing learning, language and social challenges" (dkt. 8 at 6 & 10); and (2) previously been provided with a reasonable accommodation to perform his job.  The plaintiff's claims for disability discrimination under the ADA and the NJLAD are sufficient to withstand a motion to dismiss.  See Brown v. City of Long Branch, 380 Fed.Appx. 235, 238 (3d Cir. 2010) (stating plaintiff properly alleged under ADA that he is disabled, otherwise qualified to perform the job's essential functions with or without reasonable accommodation by the employer, and suffered adverse employment decision, and that NJLAD claims are governed by same standards).

**THE SCHOOL** also argues that the plaintiff fails to allege that he was qualified to perform the essential functions of the job at issue, with or without accommodation.  (See dkt. 7-2 at 7.)  The argument is without merit.  As this is a motion made under Rule 12(b)(6), the Court must credit the plaintiff's allegations that he properly performed his tasks at the School for twelve years before he faced the allegedly discriminatory conduct.  See Fowler, 578 F.3d at 210–12.

**THE SCHOOL** argues that the plaintiff failed to allege that the School hired someone else to perform his job, and thus argues that he failed to satisfy the requirements for a claim under the NJLAD.  (See dkt. 7-2 at 9.)  That argument is without merit.  Such a showing is not necessarily required at this early stage of the litigation.  See Shipe v.

5

Saker ShopRites, No. A-5227-11T4, 2013 WL 3184736, at *9–11 (N.J. App. Div. June 25, 2013); Williams v. Pemberton Twp. Pub. Schs., 323 N.J.Super. 490, 502–03 (N.J. App. Div. 1999).

**THE SCHOOL** alleges that the plaintiff's claims concerning retaliation are murky at best. (See dkt. 7-2 at 10 (concerning advocacy on the plaintiff's behalf performed by "Ms. Hirschfeld").) The Court agrees that the retaliation claims are not a model of clarity, but finds that they are sufficient at this stage of the litigation. The Court will deny the motion insofar as it concerns the retaliation claims, but will order the plaintiff to clarify those claims in an amended pleading.

**THE SCHOOL** defends its heavy reliance upon a particular district court opinion that disposed of certain ADA claims and NJLAD claims in addressing a motion for summary judgment pursuant to Rule 56 — as opposed to a motion to dismiss pursuant to Rule 12(b)(6) — arguing that "this distinction is of no consequence." (See dkt. 9 at 3 (discussing repeated citation in briefs filed in support of the motion of Santiago v. City of Vineland, 107 F.Supp.2d 512 (D.N.J. 2000)).) The School's reliance on Santiago, however, is misplaced. "It is axiomatic that the standards for dismissing claims under Fed.R.Civ.P. 12(b)(6) and granting judgment under . . . Fed.R.Civ.P. 56 are vastly different". Fowler, 578 F.3d at 213. Indeed, a motion for summary judgment is reviewed under a more stringent standard than a motion to dismiss for failure to state a claim, and a well-pleaded complaint may proceed even if the Court believes that actual proof of the facts alleged is improbable and that a recovery is unlikely. See id.; see also Watson v.

Sec'y Pa. Dep't of Corr., 436 Fed.Appx. 131, 135 (3d Cir. 2011) (comparing burden-shifting analysis for summary judgment under Rule 56 with failure-to-state-claim analysis for dismissal of complaint under Rule 12(b)(6)).

**THE COURT** acknowledges that it will be cumbersome for the School to properly answer the allegations in the complaint due to the manner in which they have been presented. For instance, several allegations are presented in unnumbered paragraphs. (See, e.g., dkt. 1 at 2.) Furthermore, many of the paragraphs contain multiple sentences concerning separate allegations. (See, e.g., id. at 3–4.) In addition, more specific allegations may be required, as will be explained below. The Court will order the plaintiff to file an amended complaint that comports with Rule 8(a), Rule 8(d), and Rule 10(b). The plaintiff may file an amended complaint without moving for leave to do so before the Magistrate Judge.

**THE PLAINTIFF** must file an amended complaint that:

(1) presents each allegation as a separate sentence;

(2) numbers each allegation;

(3) states each cause of action that is based upon the violation of a specific statute — e.g., the ADA and the NJLAD — in separate counts;[1]

---

[1] The plaintiff has grouped all of the ADA claims and the NJLAD claims under only one count. (See dkt. 1 at 4–5.) That is unacceptable.

7

(4) contains any allegations raised in his opposition brief that are currently missing from the complaint concerning his history as a student at the School, his neurological disability, and the diagnosis; and

(5) identifies who Janet Hirschfeld is.[2]

**FOR GOOD CAUSE APPEARING**, this Court will issue an appropriate order.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** February 4, 2016

---

[2] The plaintiff states in the opposition brief that "if this Court should find plaintiff's complaint requires amendment we would request leave for same." (Dkt. 8 at 7.) But the plaintiff failed to cross-move for leave to file an amended complaint, and thus failed to anticipate that this Court might find the complaint to be inadequate. The better practice would have been for the plaintiff to have indeed so cross-moved in acknowledgment of these potential shortcomings, and thus this Court would have simply denied the motion to dismiss without prejudice and referred the cross motion to the Magistrate Judge to work out a solution among the parties.